# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION AT DAYTON


BRENDA VESELY,                        :

                    Plaintiff,

    -vs-

MICHAEL J. ASTRUE,
COMMISSIONER OF
SOCIAL SECURITY,

                Defendant.        :

Case No. 3:08-cv-258

District Judge Walter Herbert Rice
Magistrate Judge Michael R. Merz

---

## REPORT AND RECOMMENDATIONS

---

This case is before the Court on Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. Section 2412(d) ("EAJA"). (Doc. 16). The Commissioner has not opposed Plaintiff's Motion and the time within which to do so has passed. S.D. Ohio Civ. R. 7.2(a)(2).

Pursuant to the EAJA, Plaintiff seeks an award of attorney fees in the amount of $5,073.75, and expenses in the amount of $350.00, for a total award of $5,423.75. In support of the Motion, Plaintiff's counsel has provided an affidavit which indicates that counsel spent 30.75 hours representing her client in this matter.

An award of fees may be made under the EAJA in a social security disability action such as the present case. *Jankovich v. Bowen,* 868 F.2d 867 (6th Cir. 1989). The EAJA provides in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, ... incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. §2412(d)(1)(A).

Thus, eligibility for a fee award in any civil action requires: (1) that the claimant be a "prevailing party"; (2) that the Government's position was not "substantially justified"; (3) that no "special circumstances make an award unjust"; and (4) pursuant to 28 U.S.C. §2412(d)(1)(B), any fee application be presented to the court within 30 days of final judgment in the action and be supported by an itemized statement. *Jones v. Commissioner,* 496 U.S. 154, 158 (1990).

A review of the procedural history of this matter is appropriate. Plaintiff filed her Complaint in this matter on July 21, 2008, seeking judicial review of the Commissioner's decision denying her application for Social Security Disability benefits (SSD). (Doc. 1). On April 14, 2009, I issued a Report and Recommendations recommending that the Commissioner's decision that Plaintiff is not disabled be reversed and that the matter be remanded to the Commissioner for the payment of benefits. (Doc. 11). The Commissioner filed Objections to my Report and Plaintiff filed a Reply to the Objections. (Doc. 12, 13). On September 28, 2009, District Judge Walter Herbert Rice overruled the Commissioner's Objections and adopting my Report in its entirely. (Doc. 14). On the same date, the Clerk entered judgment accordingly. (Doc. 15). This Motion followed.

In my April, 2009, Report, I determined that the Commissioner erred by rejecting Plaintiff's treating neurologist, Dr. Merryman's, opinion that she is disabled as a result of multiple sclerosis. (Doc. 11). In doing so, citing *Wilcox v. Sullivan,* 917 F.2d 272, 277 (6th Cir. 1990), I

essentially noted that the Commissioner had failed to properly evaluate Plaintiff's multiple sclerosis in that it is a progressive disease subject to periods of remission and exacerbation and that consideration should be given to the frequency and duration of the exacerbations, the length of remissions and the evidence of any permanent disabilities. (Doc. 11 at 8). I determined that Dr. Merryman's opinion was supported by her clinical notes, which I described in some detail, and that it was supported by the opinions of the two examining physicians. *Id.* at 10. Finally, I noted that the only evidence which opposed Dr. Merryman's opinion was the opinion of the reviewing physician. *Id.*

The Court now turns to the requirements of the EAJA.

As an initial matter, the Court finds that Plaintiff timely filed her present Motion. As noted above, the Clerk entered judgment on September 28, 2009. Judgment therefore became final on November 27, 2009. Plaintiff filed her Motion on December 17, 2009, within the thirty-day requirement of the EAJA. In addition, Plaintiff's Motion is supported by an itemized statement. (Doc. 16, attachment thereto).

In *Perket v. Secretary of Health and Human Services,* 905 F.2d 129, 132 (6th Cir. 1990), with respect to the meaning of "prevailing party" for the purposes of EAJA, the Sixth Circuit said:

> Plaintiffs are a "prevailing party under EAJA " 'if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.' " *Hensley v. Eckerhart,* 461 U.S. 424, 433 ... (1983) (citations omitted). However, a party's victory need not be obtained by final adjudication of a lawsuit's merits. Rather, "it is enough that the lawsuit acted as a 'catalyst' in prompting defendant to take the desired action. *Citizens Coalition for Block Grant v. City of Euclid,* 717 F.2d 964, 966 (6th Cir. 1983).

Plaintiff was clearly the "prevailing party" in this action. The Court reversed the

3

Commissioner's decision that Plaintiff is not disabled and remanded the matter for the payment of benefits.

Turning to the issue of whether the government's position was "substantially justified", this Court concludes that it was not. As noted above, the Court essentially determined that the Commissioner erred by failing to properly evaluate Plaintiff's impairment and by failing to apply the "treating physician" rule, a mainstay of SSD litigation in this Circuit. *See, Cutlip v. Secretary of Health and Human Services,* 25 F.3d 284 (6th Cir. 1994). Specifically, the Commissioner rejected Plaintiff's long-term treating neurologist's opinion which was supported by her clinical notes as well as the reports from the examining physicians.

The EAJA permits an award of reasonable attorney fees and expenses. 28 U.S.C. § 2412(d)(2)(A). The plaintiff has the burden of proving that the fees requested under the EAJA are in fact reasonable. *See Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983). The court should exclude time that is excessive, redundant, or inadequately documented. *Id.* at 433-34. Time spent on secretarial or clerical tasks is not "reasonable" if such tasks are performed by an attorney. *See Missouri v. Jenkins,* 429 U.S. 274, 288 n.10 (1989). Fees associated with training attorneys are not compensable under the EAJA when the fees were not incurred as a result of any actions or positions of the government in the litigation. *See Hyatt v. Barnhart,* 315 F.3d 239, 255 (4th Cir. 2002); *Richards v. Secretary of Health and Human Services,* 884 F. Supp. 256, 260 (N.D.Ohio 1995).

This Court has carefully reviewed the number of hours that Plaintiff alleges her counsel expended in prosecuting this case on her behalf and concludes that the number hours is reasonable, particularly in light of the outcome of the matter. There are no indications that an award of fees and expenses in this case would be unjust.

The Court now turns to the amount of the requested fee.

The EAJA originally provided that attorney fees be limited to a rate of $75.00 an hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceeding involved, justifies a higher fee". 28 U.S.C. §2412(d)(2)(A). On March 29, 1996, Congress increased the rate payable for EAJA fees to $125.00 per hour for civil actions filed after March 29, 1996. The Contract with America Advancement Act of 1996, Pub.L. 104-121, 110 Stat. 852, 853 (Mar. 29, 1996).

The Sixth Circuit has recognized that the EAJA allows for a cost-of-living adjustment. *Begley v. Secretary of Health and Human Services,* 966 F.2d 196, 199 (6th Cir. 1992). In addition, while recognizing that although adjustments in EAJA fees due to increases in the Consumer Price Index are sometimes seen as essentially perfunctory or even mandatory, the Sixth Circuit leaves the matter to the sound discretion of the district court. *Id.* (citations omitted). The 1996 EAJA language continues to provide for such an increase. 28 U.S.C. §2412(d)(2)(A).

The Consumer Price Index (CPI) is the best indicator for computing the increase in the cost of living. The CPI All Items Index average was 155.7 in March, 1996, when the statutory cap of $125.00 was set. The most recent annual CPI All Items Index average, set in November, 2009, was 216.303. *See*, www.bls.gov/cpi. The common ratio of change, then, is 1.39 (216.303 divided by 155.7 rounded to the nearest hundredth). Applying this cost of living increase to the $125.00 per hour statutory cap results in a current hourly rate of $173.75 ($125.00 x 1.39).

As noted above, Plaintiff seeks an award of $5,073.75 for thirty attorney hours which her counsel expended on her behalf in this litigation. That fee represents a fee of just over $169.00 per hours well within the allowable EAJA fee of $173.75. Plaintiff, of course, is entitled to recover

her costs and expenses in the amount of $350.00.

It is therefore recommended that Plaintiff's Motion for Attorney Fees Pursuant to the

Equal Access to Justice Act, 28 U.S.C. Section 2412(d) ("EAJA"), (Doc. 16), be granted.

January 14, 2010.

*s/ Michael R. Merz*
United States Magistrate Judge


# NOTICE  REGARDING  OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), ©), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).